UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRACALOSSI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-00336-X |
| | § | |
| MONEYGRAM PENSION PLAN, et. al., | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

On October 29, 2019, the Court issued a Memorandum Opinion and Order [Doc. No. 95] dismissing plaintiff Kimbra Fracalossi's claims against defendant Viad Corp. with prejudice while dismissing Fracalossi's claims against Moneygram International, Inc. ("Moneygram") without prejudice. Fracalossi subsequently filed her fourth amended complaint against the remaining defendants [Doc. No. 96] and, on November 26, 2019, Moneygram filed a motion to dismiss Fracalossi's claims in her fourth amended complaint for failure to state a claim [Doc. No. 98]. Upon consideration, the Court **DENIES** Moneygram's motion to dismiss.

The Court in its previous Memorandum Opinion and Order concluded that any harm alleged under 29 U.S.C. § 1132(a)(3) must be the loss or denial of benefits. The Court finds Fracalossi's fourth amended complaint adequately alleges her harm is the denial of benefits. Specifically, the live complaint alleged that the denial of her early retirement payments is her harm. These allegations fashion the close tie

between the alleged harm, denial of early retirement payments, and the requested remedy, the granting of benefits, which did not exist in the prior complaint. Lastly, the Court notes the parties' briefing surrounding Moneygram's motion to dismiss contests the adequacy of certain remedies. At this stage of the proceedings, the Court need not and does not address the issues surrounding remedies.

For these reasons, the Court **DENIES** Moneygram's motion to dismiss.[1]

**IT IS SO ORDERED** this 28th day of January 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.